JAI M. GOHEL
Cal. Bar No. 170782
819 Eddy St.
San Francisco Ca, 94109
415-771-6174
jaigohel@rocketmail.com

ERICK L. GUZMAN
Cal. Bar No. 244391
115 4th St.
Santa Rosa, California, 95401
T: 707.594.4474/F: 707.540.6298
E: elg@guzmanlaw.org

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DOWEN et al.,

Defendant.

CASE NO. 25-CR-0063

**DEFENSE SENTENCING MEMORANDUM; AND OBJECTION TO THE PRE-SENTENCE REPORT**

TO: CRAIG H. MISSAKIAN, UNITED STATES ATTORNEY;
LINA PENG, ASSISTANT UNITED STATES ATTORNEY; AND
PEPPER FRISEN, UNITED STATES PROBATION.

PLEASE TAKE NOTICE that, on August 7, 2026 at 9:00 A.M., or as soon thereafter as client may be heard, defendant, JOEL DOWEN by and through his attorneys, Jai Gohel and Erick Guzman, will ask this Court grant the following adjustments, and impose a sentence six-months.

## I

## INTRODUCTION

Mr. Dowen entered into a global resolution with the Government to resolve the instant case, and case number 24-CR-0017-1. That resolution mandates the parties recommend a sentence between fourteen to seventeen years total. Mr. Dowen has already filed his sentencing memorandum in case number 24-CR-0017-1, in which he requests a sentence of fourteen years. Therefore, pursuant to the plea-agreement, Mr. Dowen asks this Court to impose a sentence of six-months concurrent to the sentence imposed in 24-CR-0017-1.

## II

## THE COURT SHOULD ADJUST DOWNWARDS BASED ON ACCEPTANCE OF RESPONSIBILITY

Mr. Dowen is entitled to aa two-level downward adjustment for acceptance of responsibility. *See* U.S.S.G. §3E1.1. The PSR calls for this adjustment. *See* PSR at ¶ 68-69.

## III

## OFFENSE LEVEL

Mr. Dowen asks the Court to follow the plea-agreement and apply an adjusted offense level of 5.[1] The base offense level is 7, which is reduced two levels for acceptance of responsibility.

There is no evidence before the Court to demonstrate that any loss has been suffered by any party. There has been no evidence adduced that Flagstar bank has suffered any loss.

---

[1] Offense level 5 was one of the two possible levels contemplated by the plea-agreement.

The residence described at issue in the offense has been protected by a *lis pendens* for more than a year, and has recently been subjected to forfeiture proceedings. Also, according to the plea-agreement, large cash payment was made to the bank through a straw purchaser, which (presumably) the bank will just keep. Plea-agreement at 8-9. Also, the bank has received years of mortgage payments, with militates against any potential loss. In fact, the bank continued to receive mortgage payments throughout the majority of this case. Accordingly, the bank has received a large down payment and years of mortgage payments, and still retains title to the property so there is no loss suffered by Flagstar bank.

**IV**

**OBJECTION TO THE PRE-SENTENCE REPORT**

The Pre-Sentence report claims there is a $550,000.00 loss. *See* PSR at ¶65. This is incorrect. As stated above, there is no loss suffered by the Bank. Further, there is no evidence contained in the PSR or the plea-agreement that substantiates any loss. Additionally, the plea-agreement explicitly recognized that there was no agreement regarding loss amount. *See* Plea-Agreement at 9 n 2.

Because there is no evidence to substantiate the claimed loss, and because the facts contradict the claim of a loss, this court should not apply the aggravating loss amount enhancement.

**V**

**THIS COURT SHOULD IMPOSE A**
**SENTENCE OF SIX MONTHS**

This Court should impose a sentence of six months to run concurrent with the fourteen-year sentence imposed in case number 24-CR-0017-JST-1. The guideline range for

an offense level of 5 is zero to six months. Also, a six-month concurrent sentence is consistent with the plea-agreement. Lastly, a six-month sentence is reasonable based on the relevant facts, and adequately addresses all of the factors mandated in 18 U.S.C. section 3553(a).

**VI**

**CONCLUSION**

For the reasons stated above, Mr. Dowen respectfully requests this Court to impose a sentence of six-months.

DATED: August 3, 26

Respectfully submitted,

By



Erick L. Guzman
Attorney for Mr. Dowen